IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**TOM ALLEN PERRY SR.,**

    Petitioner,

vs.                                             Case No. 4:05cv409-WS/WCS

**STATE OF FLORIDA,**

    Respondent.

                                   /


## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

This case was initiated by the filing of a document titled a "motion tolling time." Doc. 1. Petitioner also filed a "notice of appeal" from the state court order denying his motion to suppress evidence. Doc. 4.

The undersigned granted leave to proceed in forma pauperis and directed Petitioner to show cause why the case should not be dismissed. Doc. 5 (incorporated herein by reference). As set forth there, this court does not consider appeals from state courts, and any remedy would be by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was advised that, "[i]f he wishes to continue with this case he must state the federal basis for his claim with facts in support, state exactly what relief

he seeks from this court, and explain what relief has been granted in state court."  Doc. 5, p. 2.  He was given until February 13, 2006, to file a response or alternatively, to file a notice of voluntary dismissal.  *Id.*, p. 3.  He was advised that failure to respond to court orders would result in a recommendation of dismissal.  *Id.*

On February 23, 2006, it was recommended that the case be summarily dismissed for failure to prosecute.  Doc. 6.  The recommendation was adopted and judgment entered on March 28, 2006.  Docs. 7 and 8.

Petitioner then filed a motion for reconsideration.  Doc. 9.  He alleged that he was at River Junction Work Camp when he initiated this case but from October 17, 2005 until March 6, 2006, he was held in "outside court" in Polk County "to testify at a trial that never happened."  *Id.*, pp. 1-2.  Petitioner alleged that while at the  Polk County Jail he had no one to assist him with legal matters.  *Id.*, p. 2.  At this point, Petitioner claims, he "is working hard at preparing a petition for writ of habeas corpus pursuant to Rule 28 U.S.C. § 2254."  *Id.*, pp. 2-3.

Based on Petitioner's claim that his failure to file documents was due to his movement from facility to facility and he clearly wanted to prosecute this case, the motion for reconsideration was granted, the order and judgment were vacated and set aside, and the case was returned to the undersigned for further proceedings.  Doc. 10.

To date, Petitioner has not filed a § 2254 petition.  In the motion for reconsideration he challenges a stop and search of his vehicle.  He asserts that the search was made without probable cause or his consent, so the evidence seized could not be used against him.  Doc. 9, pp. 4-8.

Although not apparent from his pleadings, Petitioner was convicted in Polk County, Florida.  The Department of Corrections website reflects that sentences were imposed there on June 30, 2003, for two offenses of trafficking in amphetamine.  The facts regarding the search are set forth in a published opinion regarding Petitioner's son, Tom Allen Perry, Junior, who was in the car with Petitioner at the time of arrest.  Perry v. State, 916 So.2d 835, 836 (Fla. 2d DCA 2005) (referring to this Petitioner as "Senior" to avoid any confusion) (appeal from the Circuit Court in Polk County).[1]  This Petitioner has taken two appeals from the Circuit Court in Polk County, decided without published opinion on September 29, 2004, and February 18, 2005.  Tom Allen Perry, Sr. V. State, 888 So.2d 34 (Table) (Fla. 2d DCA 2004); Tom Allen Perry, Sr. V. State, 896 So.2d 759 (Table) (Fla. 2d DCA 2005).

Assuming that Petitioner intends to file a § 2254 petition, jurisdiction is appropriate here and in the Middle District as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).  The district of conviction would appear to be the most convenient and appropriate venue, and this cause should be transferred to the Middle District of Florida pursuant to § 2241(d).  *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9

---

[1] This Petitioner ("Senior") was under investigation, and law enforcement had arranged for a confidential informant to make a controlled purchase of methamphetamine from him.  *Id.*, at 836-837.  The state court found that while the developed facts permitted his immediate arrest, the methamphetamine found on his son (who was in the vehicle only a few minutes before the stop) was the fruit of an illegal search.  *Id.*, at 841.

Case No. 4:05cv409-WS/WCS

(11th Cir. 2001) (noting the practice of district courts in Georgia to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 26, 2006.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**